# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

MINA ROSALINO,

      Petitioner,

v.                               Case No. 8:03-CR-337-T-30EAJ
                                           8:05-CV-852-T-30EAJ

UNITED STATES OF AMERICA ,

      Respondent.

_____/

## O R D E R

      This cause is before the Court on Petitioner's motion to vacate, set aside, or correct his sentence filed pursuant to 28 U.S.C. § 2255 (CV Dkt. 1).  The Court has undertaken the review required by Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts (2005),[1] and finds, for reasons set forth below,  that service of the motion is not required.

### Background

      On August 6, 2003, a Coast Guard helicopter crew spotted a Colombian flagged longline fishing vessel engaged in refueling a go-fast vessel which displayed no flag or markings indicating its nationality.  Petitioner was serving as the captain of the fishing vessel.  As the Coast Guard helicopter approached, the two vessels headed in opposite directions.  The crew aboard the fishing vessel began soaking the exterior surfaces of the vessel in gasoline.  The go-fast vessel was turned and headed back toward the fishing

---

      [1]Rule 4(b) provides, in pertinent part, that "[t]he judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

vessel when the five-member crew aboard it lit a mop afire and tossed it into a fuel cell, then donned life jackets and jumped into the water. Although the Coast Guard was unable to put out the fire on the go-fast vessel, they did locate and retrieve 37 kilograms of partially burned cocaine in the debris field left by the sinking go-fast vessel. *Id.* Meanwhile, the members of a Coast Guard team conducted right of approach questioning of the fishing vessel crew and invoked a United States/Columbian Bilateral Agreement to board her. The fishing vessel was equipped with a fuel transfer pump and several fuel transfer hoses and carried a quantity of gasoline that exceeded the amount allowed by Columbian regulations. According to crewmembers aboard the go-fast vessel, they had just refueled their gasoline tanks from gasoline provided by the crew of the fishing vessel. Having determined that the go-fast vessel was stateless, and thus subject to the jurisdiction of the United States, the Coast Guard contacted the Columbian Navel Operations Center regarding the fishing vessel and obtained a Statement of No Objection for the Coast Guard to enforce laws of the United States against the fishing vessel. Eight crewmembers of the fishing vessel were then taken into custody.

Petitioner was charged by indictment on August 12, 2003, with conspiracy to possess with intent to distribute five kilograms or more of cocaine while onboard a vessel, contrary to the provisions of 46 App. U.S.C. § 1903(a), all in violation of 46 App. U.S.C. §§ 1903(j) and 1903(g), and 21 U.S.C. § 960(b)(1)(B)(ii) (Count One); and possession with intent to distribute five kilograms or more of cocaine while onboard a vessel, in violation of 46 App. U.S.C. § 1903(a), 18 U.S.C. § 2, 46 App. U.S.C. § 1903(g), and 21 U.S.C. § 960(b)(1)(B)(ii) (Count Two) (CR Dkt. 7).   Represented by court-appointed counsel, Petitioner agreed to enter a guilty plea to Count Two of the indictment pursuant to a written plea agreement in exchange for the Government's promise to dismiss Count One at the sentencing hearing

(CR Dkt. 141 at 1).  As one of the terms of his plea agreement, Petitioner expressly waived his right to appeal his sentence:

> directly or collaterally, on any ground, including the applicability of the "safety valve" provisions contained in 18 U.S.C. § 3553(f) and U.S.S.G. § 5CI.2, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

(*Id.* at 10).   On January 28, 2004, Petitioner appeared with court-appointed counsel and entered a plea of guilty to Count Two (CR Dkt. 190), which the Court accepted on February 19, 2004 (CR Dkt. 208).  Petitioner was sentenced on September 2, 2004, to serve a term of 87 months imprisonment, to be followed by a 60-month term of supervised release, and the Government dismissed Count One of the indictment (CR Dkt. 322).  Petitioner did not file an appeal.

On April 5, 2004, Petitioner filed the instant motion seeking relief pursuant to 28 U.S.C. § 2255 (CV Dkt. 1).   In his motion, Petitioner asserts that trial counsel was ineffective during the sentencing hearing for failing to secure a minor role adjustment in his base offense level pursuant to U.S.S.G. § 3B1.2.[2]  *Id.*  For reasons set forth below, the Court finds that the motion is subject to summary dismissal.  *See* Rule 4, Rules Governing Section 2255 Proceedings (2005).

## Standard of Review

Title 28 U.S.C. § 2255 sets forth the framework for reviewing a federal prisoner's sentence for any of the following four reasons: (1) the sentence was imposed in violation

---

[2]"Based on the defendant's role in the offense, decrease the offense level as follows:  (a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels. (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels. In cases falling between (a) and (b), decrease by 3 levels." U.S.S.G. § 3B1.2.

of the Constitution of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.  Case law establishes that only constitutional claims, jurisdictional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable on collateral attack. *See United States v. Addonizio*, 442 U.S. 178, 185 (1979); *Hill v. United States*, 368 U.S. 424, 428 (1962); *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988).

It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily. *See United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). Guilty pleas waive all but jurisdictional claims up to the time of the plea, *see Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973); *Stano v. Dugger*, 921 F.2d 1125, 1150 (11th Cir.), *cert. denied*, 502 U.S. 835 (1991), and foreclose most claims from collateral attack, *see United States v. Broce*, 488 U.S. 563, 569 (1989). This waiver includes constitutional claims. *See Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992) (pre-plea ineffectiveness waived); *Dermota v. United States*, 895 F.2d 1324 (11th Cir.) (double jeopardy claim waived), *cert. denied*, 498 U.S. 837 (1990).  Finding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing" the Eleventh Circuit opined that to hold otherwise would "permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005).

-4-

**Discussion**

The crux of Petitioner's complaint is that the sentence he received was greater than he expected to receive when he signed the plea agreement.  As set forth *supra*, pursuant to the plea agreement Petitioner executed, he waived his right to appeal any factual or legal finding made by the Court in calculating the appropriate guideline range, unless the Court upwardly departed or the Government appealed.

In the plea agreement, Petitioner was placed on notice that the drug charge to which he agreed to plead guilty carried a minimum sentence of ten (10) years and a maximum sentence of life imprisonment (CR Dkt. 141 at 2).[3]  Petitioner was only sentenced to a term of 87 months imprisonment (CR Dkt. 319).  The Government did not file an appeal. Thus, Petitioner's waiver of his right to challenge the guidelines sentence is controlling. *See Williams v. United States*, 396 F.3d at 1342.  *See also United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001).

Petitioner negotiated an agreement with the Government regarding the disposition of his criminal charges and entered a guilty plea pursuant thereto (CR Dkt. 141).  A guilty plea is not "a mere gesture, a temporary and meaningless formality reversible at the defendant's whim. . . , but a 'grave and solemn act,' which is 'accepted only with care and discernment.'" *United States v. Hyde*, 520 U.S. 670, 677 (1997) (citation omitted).   In *United States v. Jones*, the Eleventh Circuit stated:

---

[3]Title 46 App. U.S.C. § 1903(g) provides, in pertinent part, that "[a]ny person who commits an offense defined in this section shall be punished in accordance with the penalties set forth in section 1010 of the Comprehensive Drug Abuse Prevention and Control Act of 1970 (21 U.S.C. 960)."  Title 21 U.S.C. § 960(b)(1)(B)(ii) provides, in pertinent part, that upon conviction for a violation involving "5 kilograms or more of a mixture or substance containing a detectable amount of . . . cocaine, its salts, optical and geometric isomers, and salts or isomers, . . . the person committing such violation shall be sentenced to a term of imprisonment of not less than 10 years and not more than life."

> [W]e have consistently considered written plea agreements to be part of the record of the Rule 11 hearing. *See United States v. Hourihan,* 936 F.2d 508, (11th Cir. 1991); *United States v. Bell,* 776 F.2d 965, 969 (11th Cir. 1985), *cert. denied,* 477 U.S. 904, 106 S.Ct. 3272, 91 L.Ed.2d 563 (1986). *See also United States v. Padilla,* 23 F.3d 1220, 1221-22 (7th Cir. 1994) (looking to written plea agreement to determine if defendant knew of mandatory minimum sentence). We hold that where a signed, written plea agreement describing a mandatory minimum sentence is specifically referred to during a Rule 11 plea colloquy, the core principle that the defendant be aware of the consequences of his plea has been complied with [and] [t]he defendant's substantial rights were not violated.

143 F.3d 1417, 1420 (11th Cir. 1998). In this circuit, "[a] plea agreement is, in essence, a contract between the Government and a criminal defendant. Among the considerations that a defendant may offer as part of such a contract is waiver of his right to appeal, provided that the waiver is made knowingly and voluntarily. . . . [t]he plea agreement is . . . enforceable." *United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999) (citation omitted). *See also United States v. Pease*, 240 F.3d 938 (11th Cir. 2001). Petitioner does not challenge the validity of his plea agreement.

Enforcing the appeal waiver is merely holding Petitioner to the bargain he made. Petitioner has had the benefit of his bargain – the conspiracy charge was dismissed (CR Dkt. 322). The Government is likewise entitled to the benefit of its bargain. Petitioner cannot circumvent the terms of his plea agreement merely because he does not like the outcome at sentencing. Petitioner was not promised anything that he did not receive, and he has received no punishment greater than that originally assigned him in the plea agreement.

**Conclusion**

Having reviewed the record, applicable statutes, and controlling case law in this circuit, the Court finds that "it plainly appears from the face of the motion . . . and the prior proceedings in the case that [Petitioner] is not entitled to relief." *See* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts (2005).  His § 2255 motion is, therefore, subject to summary dismissal.

ACCORDINGLY, the Court **ORDERS** that:

1.    Petitioner's motion to vacate, set aside, or correct an allegedly illegal sentence (8:05-CV-852-T-30EAJ, CV Dkt. 1) is **DENIED**.

2.    The Clerk is directed to enter judgment against Petitioner, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on May 17, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

SA:jsh/jd

-7-